IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN B. BREWER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 11-0385-CV-W-ODS |
| ) | Crim. No. 07-00114-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF

I.  INTRODUCTION

Movant was indicted on three counts of possessing child pornography and four counts of producing child pornography.  He filed a motion to suppress arguing, *inter alia*, that law enforcement officials convinced his daughter (one of his victims) to seek an ex parte order of protection to remove him from his house.  They executed the ex parte order of protection and then asked his wife for permission to search the house.  The Court found that the officers did not use the ex parte order to remove Movant in order to avoid his possible objection and thus suppression pursuant to *Georgia v. Randolph*, 547 U.S. 103 (2006), was not warranted.  Movant then entered a plea agreement, pursuant to which (1) he pled guilty to one count of possessing child pornography and three counts of producing child pornography, (2) the remaining counts would be dismissed, (3) the parties agreed to the application of certain provisions of the United States Sentencing Guidelines, including a two level reduction for acceptance of responsibility, (4) the Government agreed not to seek an upward departure from the Guidelines and Movant agreed not to seek a downward departure, and (5) the Government would move for an additional one level reduction pursuant to section 3E1.1(b) of the Sentencing Guidelines.  The plea was conditional in that it preserved Movant's right to appeal the denial of his suppression motion.

By statute, the production counts required a sentence of not less than ten years and not more than twenty years and the possession counts required a sentence of not more than ten years. Therefore, depending on the extent to which sentences were ordered to run concurrently or consecutively, the statutory range of punishment for the crimes charged in the Indictment was ten to 110 years. The Government's agreement to dismiss one production count and two possession counts reduced the statutory range of punishment to ten to seventy years. This was explained to Movant at the Rule 11 Hearing. Rule 11 Tr. at 2-3.[1] Movant was also advised that the Sentencing Guidelines are advisory and the sentencing judge was not required to sentence within the guideline range. Rule 11 Tr. at 9-12.

Counsel was asked to explain the benefit to Movant of pleading guilty. Movant's counsel stated that the Government's evidence was "very damaging" and not only carried the prospect of a jury finding Movant guilty but also could "result in a more substantial sentence than this plea." Counsel also opined that Plaintiff's best opportunity to prevail was appealing the suppression issue, and the Plea Agreement preserved this opportunity. Rule 11 Tr. at 21.

The Probation Office used the Sentencing Guidelines effective November 1, 2007, and determined the production counts constituted one "group" and the possession count constituted another "group." The first group carried an Adjusted Offense Level of 46 and the second group carried an Adjusted Offense Level of 41; when combined, the grouping rules ultimately dictated an Adjusted Offense Level of 47 be used. After factoring the reduction for acceptance of responsibility and the additional enhancement required by section 4B1.5(b), Movant's Total Offense Level was 49. The Sentencing Guidelines recommended a life sentence. Counsel asserted various objections to the calculations, but they were overruled. The Court then considered the sentencing factors in 18 U.S.C. § 3553(a) and noted the characteristics and seriousness of the crime, the need to protect the public, and Movant's lack of remorse as factors supporting a guideline sentence. Sentencing Tr. at 22-24. The Court nonetheless

---

[1] Movant was fifty-three years old at the time of the Rule 11 hearing.

declined to impose a guideline sentence, holding that an 840 month sentence was greater than necessary and exercised its discretion to order some of the sentences to run concurrently. Defendant was sentenced to a total of 600 months imprisonment.

Movant appealed the order denying his motion to suppress evidence. As relevant to this proceeding, the Court of Appeals (1) rejected Movant's argument that *Georgia v. Randolph* was violated and (2) held the subsequently-issued warrants to search computers and electronic media were supported by probable cause. United States v. Brewer, 588 F.3d 1165 (8th Cir. 2009). Movant then timely filed the instant motion for postconviction relief pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

Movant's arguments all assert claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

3

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

### A. Failure to Challenge Seizure of Computers

Movant's wife executed a written consent form authorizing law enforcement to search the house "and seize any person, property, item, or substance determined . . . to be relevant either to that matter under investigation or any criminal matter." Law enforcement seized several computers, and examined their contents later. Movant contends his attorney was ineffective for failing to challenge the seizure, arguing (1) Movant's wife lacked authority to consent to the seizure of the computers, and (2) Movant's wife agreed to a search of items at the house, not a seizure of items and a later search. These arguments are devoid of merit, so counsel was not ineffective for failing to raise them and Movant was not prejudiced.

Counsel raised the first issue relating to Movant's wife's authority to consent, so counsel was not ineffective for failing to raise it. The Court rejected the argument, concluding law enforcement reasonably believed the computers were used in a business jointly owned and operated by Movant and his wife. Regardless of the merits, having raised the issue, counsel cannot be ineffective for "failing to raise" it.

Given the information known to law enforcement, the computers themselves were relevant to their investigation, and their seizure was authorized. Once seized, law enforcement officers were permitted to analyze them further (as held by the Eighth Circuit in resolving the direct appeal).

### B. Failure to Challenge Search Based on Wife's Vulnerability

Movant contends counsel was ineffective for failing to challenge his wife's consent, arguing his wife was "vulnerable" because she was taking drugs to control

4

anxiety. Movant presents no facts or explanation, and his conclusory allegations do not justify a hearing on the matter. E.g., Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). A person taking medication does not *per se* lack the mental capability to consent to a search, and Movant posits no additional facts to support this claim. It should also be noted the claim is inconsistent with Ms. Brewer's testimony at the suppression hearing. See Report and Recommendation at 3-5.[2]

### C. Failure to Challenge Scope of Searches

Movant next argues his attorney was ineffective for failing to seek suppression of the evidence found on his computer because the warrant authorizing the search of his computer was overly broad. His complaint is that the computers contained non-contraband, which may be true. However, a computer's storage devices are similar to a filing cabinet, and a warrant's scope is reasonable if it permits a search in areas where the objects of the search are likely to be found. For instance, if law enforcement is authorized to search a filing cabinet for records related to "the ACME Deal," the warrant need not be limited to the "A's" – the entire cabinet may be searched. Movant does not dispute that there was probable cause to believe child pornography and evidence of other crimes would be found on his computer, so a warrant authorizing a search of the computer was proper. Finally, it must be remembered the Court of Appeals upheld the warrants' validity. Brewer, 588 F.3d at 1170-71. There being no chance a motion to suppress would have been granted, counsel was not ineffective for failing to raise the issue.

---

[2]This is a reference to the Magistrate Judge's Report and Recommendation issued on April 4, 2008, which was adopted by the Court in an Order dated May 22, 2008.

## D. Negotiating a Plea That Produced No Benefits

In his fourth argument, Movant contends his attorney provided ineffective assistance because the plea agreement provided him with no benefits. He cites no case holding that a plea agreement must provide benefits; instead, he simply contends his guilty plea was involuntary because the bargain was illusory. He cites cases regarding voluntariness and knowledge, and he cites cases involving plea agreements containing vague promises that were allegedly violated by the Government – but none of these are applicable here, and Movant cites no cases holding that a plea agreement is invalid if it does not provide a certain quantum of benefit to the defendant.

In this case, Movant was fully apprised of all the plea's provisions. He does not contend that he expected some benefit that he failed to receive or that he otherwise did not understand any aspect of his agreement with the Government. The Court also disagrees that Movant's Plea Agreement provided him with no benefits. It resulted in (1) the dismissal of certain charges, (2) an agreed reduction for acceptance of responsibility, (3) an additional reduction for acceptance based on a promised motion from the Government, (4) the opportunity to seek leniency for sparing the victim of his crimes from having to testify, (5) a promise from the Government not to seek an upward departure, and (6) preservation of his ability to appeal the issues his attorney thought were Movant's best arguments in defense of the charges. While the leniency he hoped for did not occur (because plea agreements do not bind the sentencing judge, a fact that was related to Movant when he changed his plea), it is wrong to say Movant received nothing in exchange for his plea.[3]

---

[3] The Government represents that it would not have offered any further benefits to Movant, and Movant complains that the Government cannot provide testimony in this manner. The Court has not considered the Government's representations – but the Court is also aware that nothing obligates the Government to provide any benefits to a pleading defendant. In fact, defendants can plead even without a plea agreement. As noted in the text, the Court is aware of no case holding a plea agreement requires a certain level of benefit to the defendant in order to be valid.

### E. Failure to Object to Use of the Wrong Sentencing Guidelines

Movant's guideline range was calculated using the Sentencing Guidelines in effect on November 1, 2007. Movant argues he committed the three production crimes before May 1999, which is alleged to be significant because certain enhancements were not added to the Sentencing Guidelines until after he produced child pornography. He contends the 1998 guidelines should have been used to calculate the group of three production crimes and the 2007 guidelines should have been used to calculate the "group" consisting of the single charge of possessing child pornography. Counsel is alleged to have provided ineffective assistance for failing to raise this issue.

Assuming, purely for the sake of argument, that Movant is correct and the 1998 guidelines should have been used for the production counts, the Court concludes Movant was not prejudiced. Part of the problem is that Movant does not properly recalculate the guideline range. The production counts would have had a base offense level of 27 pursuant to section 2G2.1, and eight levels would have been added because the victim was under twelve years of age, Movant was the victim's parent, and Movant used a computer. This would have resulted in an adjusted offense level of 35 for the first group (instead of the adjusted offense level of 46 calculated using the 2007 guidelines). Movant then subtracts three levels for acceptance of responsibility, but this is improper; the reduction is to be applied *after* the separate groups are combined, not before.

The possession count had an adjusted offense level of 41, and Movant does not suggest this was incorrect. If the 1998 guidelines were used for the production counts, the difference in levels between the groups would have been 6. Utilizing the rules set forth in section 3D1.4, one level would have been added to the highest group, meaning the Greater Adjusted Offense Level was 42. From this, three levels would be subtracted for acceptance of responsibility and five levels would be added pursuant to section 4B1.5(b), which could properly be added because the possession crime occurred after 2001. United States v. Anderson, 570 F.3d 1025, 1033-34 (8th Cir. 2009); see also United States v. Cooper, 63 F.3d 761, 762 (8th Cir. 1995) (per curiam), cert.

7

denied, 517 U.S. 1158 (1996).  This would make the Total Offense Level 44 which, when combined with Movant's Criminal History Category of I, results in a guideline range of life in prison.  Thus, even if the ex post facto argument posited by Movant is valid (an issue the Court does not address), he would have ended up with exactly the same guideline range.[4]

### F.  Ineffective Assistance of Appellate Counsel

Movant argues Appellate Counsel was ineffective for failing to (1) challenge the illusory plea agreement or (2) challenge the sentence as "procedurally and substantively unreasonable."  Performance of appellate counsel is governed by Strickland, but "[u]nless there is evidence to the contrary, we assume that counsel's decision not to raise a claim was a strategic decision to emphasize stronger claims at the expense of weak ones."  Armstrong v. Gammon, 195 F.3d 441, 444 (8th Cir. 1999).  Movant does not suggest any reason not to apply this presumption, and there are good reasons to believe these claims were not particularly strong.  Moreover, Appellate Counsel raised the issues that were identified as Movant's best opportunities for success.

The failure to challenge the illusory plea agreement did not prejudice Movant because the plea agreement was not illusory.  The failure to challenge the sentence imposed did not violate Strickland for several reasons.  First, an appeal waiver forbade Appellate Counsel from raising this issue.  Second, the fact that other defendants charged with similar crimes does not mean they must receive identical sentences.  Each

---

[4]This analysis assumes, of course, that in applying the 1998 guidelines the Court chose not to depart upward because the production count involved sexual contact between Movant and his daughter, or because of the nature of the sexual activity depicted.  These factors were the basis for enhancements specified in the 2007 guidelines that did not exist in the 1998 guidelines.  If the 1998 guidelines were applied, the Court could have departed upward.  Finally, it should be noted that the Eight Circuit has questioned whether the ex post facto clause applies to the Sentencing Guidelines given that they are now discretionary and the cases holding the ex post facto clause applies were decided when (and because) the Sentencing Guidelines were mandatory.  See United States v. Deegan, 605 F.3d 625, 632 (8th Cir. 2010).  In light of the Court's analysis, there is no need to consider these issues.

case turns on its facts and the discretion of the judge, and the sentencing judge is not required to scan the country to compare and contrast sentences imposed in other cases.

## III.  CONCLUSION

The motion for postconviction relief is denied.

IT IS SO ORDERED.

DATE: July 22, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT